UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | |
|---|---|
| JAMIE A., | : Case No. 3:23-cv-238 |
| Plaintiff, | : |
| vs. | : District Judge Thomas M. Rose |
| | : Magistrate Judge Caroline H. Gentry |
| COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, | : |
| Defendant. | : |

**ENTRY AND ORDER ADOPTING REPORT AND RECOMMENDATIONS
(DOC. NO. 13)**

Presently before the Court is the Report and Recommendations ("Report") of United States Magistrate Judge Caroline H. Gentry (Doc. No. 13), to whom this case was originally referred pursuant to 28 U.S.C. § 636(b).  The Report recommends the Commissioner of Social Security's non-disability determination as to Plaintiff Jamie A. ("Plaintiff") be affirmed.  (Doc. No. 13 at PageID 2578.)

If a party objects within the allotted time to a United States magistrate judge's report and recommendation, then the Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b).  Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  *Id*.  The Court "may also receive further evidence or recommit the matter to the magistrate judge with instructions."  *Id*.  In Social Security appeals, the Court's "review is limited to determining whether the Commissioner's decision is supported by substantial evidence and was made pursuant to proper

legal standards." *Winn v. Comm'r. of Soc. Sec.*, 615 Fed. App'x. 315, 320 (6th Cir. 2015) (internal quotation marks omitted).

Plaintiff filed her objections to the Report on September 9, 2024—within the fourteen days provided by Fed. R. Civ. P. 72(b)(2)—arguing solely that Magistrate Judge Gentry erred by accepting the administrative law judge's ("ALJ") findings because he "substituted his lay interpretation of a critical body of objective medical evidence for that of [Plaintiff]'s treating doctors and even the state agency doctors." (Doc. No. 14 at PageID 2581.) Specifically, Plaintiff argues that the medical data relied upon by the ALJ, "was not read and interpreted by a radiologist ***in functional terms***…." (*Id*. at PageID 2580) (emphasis in original). The Commissioner of Social Security filed her response on September 18, 2024, in support of the Magistrate Judge's recommendation. (Doc. No. 15.)

Plaintiff does not argue that the ALJ interpreted the underlying MRI, CT, and x-ray in coming to his decision. Indeed, as Magistrate Judge Gentry points out, those documents were not included in the record. (Doc. No. 13 at PageID 2571.) Instead, Plaintiff argues that the ALJ relied on a medical interpretation that was not directly on point for the question of functionality. However, the key is that the ALJ relied upon the reports and conclusions of medical experts, not a review of the raw medical date. *See Robert D. v. Comm'r of Soc. Sec.*, No. 3:23-cv-1, 2023 U.S. Dist. LEXIS 115599, at \*18, 2023 WL 4348871 (S.D. Ohio July 5, 2023) (Jolson, M.J.), *report and recommendation adopted*, No. 3:23-cv-1, 2023 U.S. Dist. LEXIS 136552, 2023 WL 5002369 (S.D. Ohio Aug. 4, 2023) (Rose, D.J.) (citing *Rudd v. Comm'r of Soc. Sec.*, 531 F. App'x 719, 726-27 (6th Cir. 2013)). The Court is not persuaded that a review of the medical experts' conclusions, even if not directly on point, is raw medical data. While the ALJ could have requested a new medical opinion, he was not required to do so. *Robert D.*, 2023 U.S. Dist. LEXIS 115599,

2

at *18.  Ultimately, it is the sole responsibility of the ALJ—not a physician or a particular medical opinion—to evaluate the evidence in the record and determine the RFC.  *See* 20 C.F.R. § 416.946; *Poe v. Comm'r of Soc. Sec.*, 342 F. App'x 149, 157 (6th Cir. 2009).  The Court is further satisfied that the record demonstrates the ALJ's determination was supported by appropriate and substantial evidence.

Therefore, the Objections of Plaintiff Jamie A. (Doc. No. 13) are **OVERRULED** and the non-disability determination of the Commissioner of Social Security is **AFFIRMED**.  The Clerk is directed to **TERMINATE** this matter on the Court's docket.

**DONE** and **ORDERED** in Dayton, Ohio, this Thursday, September 19, 2024.

s/Thomas M. Rose

---

THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE